REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 16-3933-GW(RAOx) | Date | July 6, 2016 |
|---|---|---|---|
| Title | *U.S. Bank NA, Successor Trustee to Bank of Am., NA, Successor in Interest to Lasalle Bank NA, as Trustee, on Behalf of the Holders of the Wash. Mutual Mortg. Pass-Through Certificates, WMALT Series 2006-2 v. Dora Luz Solano, et al.* | | |

Present: The Honorable GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

None Present    None Present

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING ACTION TO STATE COURT**


I.    BACKGROUND

U.S. Bank NA, Successor Trustee to Bank of America, NA, Successor in Interest to Lasalle Bank NA, as Trustee, on Behalf of the Holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-2 ("Plaintiff") sued Dora Luz Solano ("Defendant") for unlawful detainer.  *See* Compl. at 1:12.  Plaintiff alleges that it is the rightful owner of the real property located at 2729 Hope Street, Huntington Park, CA 90255 (the "Property") and that Defendant is unlawfully detaining the Property by failing to deliver possession after a lawful foreclosure.  *See id.* ¶¶ 1b, 3, 5-9.

On June 3, 2016, Jose Andre Rios ("Rios"),[1] *in pro per*, removed this action.  *See* Notice of Removal at 1:2, 19:25.  Rios asserts three separate grounds for federal jurisdiction: (1) diversity jurisdiction under 28 U.S.C. § 1332(a), *see id.* at 2:10-4:25, 14:22-15:6, (2) federal question jurisdiction under 28 U.S.C. § 1331, *see id.* at 6:15-8:9, 13:12-14:21, 15:9-22, and (3) civil rights removal jurisdiction under 28 U.S.C. § 1443(1), *see id.* at 8:13-13:11, 16:13-25, 17:1-18:17.  Despite Rios' arguments, the Court must remand this matter because it lacks subject matter jurisdiction.

II.    JURISDICTION

---

[1] Rios is not named in the Complaint nor has any party provided information regarding his involvement in the case.

:

Initials of Preparer    KSS

REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3933-GW(RAOx) | Date | July 6, 2016 |
|---|---|---|---|
| Title | *U.S. Bank NA, Successor Trustee to Bank of Am., NA, Successor in Interest to Lasalle Bank NA, as Trustee, on Behalf of the Holders of the Wash. Mutual Mortg. Pass-Through Certificates, WMALT Series 2006-2 v. Dora Luz Solano, et al.* | | |

  Federal courts possess limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and/or Congressional statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction, and the party claiming federal jurisdiction must prove otherwise. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and removal statutes are "strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("[J]urisdiction must be rejected if there is any doubt as to the right of removal.").

  Federal courts have an independent duty to analyze whether subject-matter jurisdiction exists, regardless of whether a party raises the issue. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004). A court may remand a case on jurisdictional grounds without giving the parties an opportunity to address the issue. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (citations omitted).

  As noted, Rios argues that this Court has three separate grounds for subject matter jurisdiction: (1) diversity jurisdiction under 28 U.S.C. § 1332; (2) federal question jurisdiction under 28 U.S.C. § 1331; and (3) civil rights removal jurisdiction under 28 U.S.C. § 1443(1). *See generally* Notice of Removal. The Court will address each argument in turn.

  A. Diversity Jurisdiction

  Subject-matter jurisdiction exists over claims which (1) are between citizens of different states, and (2) have an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a).

  A United States citizen is a citizen of the state in which they are domiciled. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person is domiciled in the state where they reside with the intention to remain indefinitely. *See id.* at 749-50. A national bank, on the other hand, is a citizen of the state in which the bank is located. *See* 28 U.S.C. § 1348. A national bank is "located," for the purposes of diversity jurisdiction, in the state of its main office as set forth in its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).

                                                                                                         :

Initials of Preparer KSS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3933-GW(RAOx) | Date | July 6, 2016 |
|---|---|---|---|
| Title | *U.S. Bank NA, Successor Trustee to Bank of Am., NA, Successor in Interest to Lasalle Bank NA, as Trustee, on Behalf of the Holders of the Wash. Mutual Mortg. Pass-Through Certificates, WMALT Series 2006-2 v. Dora Luz Solano, et al.* | | |

In his Notice of Removal, Rios alleges that Plaintiff and Defendant are diverse. *See* Notice of Removal at 3:19-22. Rios alleges that Plaintiff is a citizen of Ohio, *see id.* at 4:5-15, and that Defendant is a citizen of California, *see id.* at 3:20-22, 4:22-23. However, Rios does not allege his own citizenship. *See id.* at 2:10-4:25.

A more fundamental problem for removal is that Rios cannot demonstrate that Plaintiff's claim meets the amount in controversy requirement of § 1332(a). Even when the parties are completely diverse, federal courts lack jurisdiction if the amount in controversy does not exceed $75,000. *See, e.g., Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). To calculate the amount in controversy for an unlawful detainer case, courts look solely at the amount of damages sought in the complaint and not at the value of the subject property. *See, e.g., HSBC Bank USA, Nat. Ass'n v. Jacob*, No. 5:13-CV-02191-ODW, 2013 WL 6328840, at *2 (C.D. Cal. Dec. 4, 2013) ("The amount in controversy in an unlawful detainer action is [ ] determined by the amount of damages sought in the complaint … not by the value of the subject property.").

In this case Plaintiff seeks "damages in the amount of at least $50 per day from March 1, 2016 through the date of entry of judgment," Compl. at 3:12-13, and indicates that the amount of damages sought are less than $10,000, *see id.* at 1:13-14, 1:28. Rios incorrectly asserts that the amount in controversy should be the value of the underlying property. *See* Notice of Removal at 15:2-6. The Court finds this argument unpersuasive and therefore determines that it does not have subject-matter jurisdiction under 28 U.S.C. § 1332.

B.  Federal Question Jurisdiction

Rios additionally contends that the Court has subject matter jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal at 16:13-19.

District courts have subject-matter jurisdiction over claims "arising under" federal law. *See* 28 U.S.C. § 1331. A claim arises under federal law when a "federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (calling this requirement the "'well-pleaded complaint rule'"). As such, "a case may not be removed to federal court on the basis of a federal defense." *Id.* at 393; *see also Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) ("Federal jurisdiction cannot be predicated on . . . [a] counterclaim.").

Here, Plaintiff's Complaint asserts a single claim of unlawful detainer that exclusively cites and

:

Initials of Preparer   KSS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3933-GW(RAOx) | Date | July 6, 2016 |
|---|---|---|---|
| Title | *U.S. Bank NA, Successor Trustee to Bank of Am., NA, Successor in Interest to Lasalle Bank NA, as Trustee, on Behalf of the Holders of the Wash. Mutual Mortg. Pass-Through Certificates, WMALT Series 2006-2 v. Dora Luz Solano, et al.* | | |

relies upon California law. *See* Compl. No federal question appears on the face of the Complaint and as such there can be no federal question jurisdiction.

Although Rios states that "[Plaintiff's] activities are in direct violation of its own charter and [12 U.S.C. § 21 et seq.]," Notice of Removal at 17:15-21, and that Plaintiff violated the "'Protecting Tenants at Foreclosure Act of 2009[, Pub. L. No. 111-22, 123 Stat. 1632],'" *see id.* at 13:12-14:21, this information is not on the face of Plaintiff's well-pleaded complaint and is therefore insufficient to confer federal question jurisdiction. As such, this Court does not have jurisdiction based on 28 U.S. C. § 1331.

  C.  Civil Rights Jurisdiction

Rios' final contention is that the Court has jurisdiction under 28 U.S. C. § 1443(1). *See* Notice of Removal at 17.

For a case to be removable under § 1443(1) the defendant must satisfy a two-part test. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). First, the right allegedly denied to the defendant must arise "under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Second, the removal petitioner must not be able to enforce the specified federal right in state court because there is a "state legislative or constitutional provision" that prevents petitioner from enforcing the right. *Id.* at 219.

"[T]he ground for removal [under § 1443(1)] is both specific and extremely narrow." *Davis v. Superior Court of State of Cal.*, 464 F.2d 1272, 1273 (9th Cir. 1972). To demonstrate that removal is proper, courts require defendants to assert more than "conclusory allegations." *See SC ROC III Enclave, LLC v. Snell*, No. CV16-00673-SJO (AJWx), 2016 WL 552454, at *2 (C.D. Cal. Feb. 10, 2016).

Courts in the Central District have consistently denied removal under § 1443(1) when defendants claimed that non race-based rights had been violated by California's foreclosure proceedings. *See, e.g., id.*; *Seropian v. Williamson*, No. CV-15-07195-AB (AJWx), 2015 WL 5618850, at *2 (C.D. Cal. Sept. 23, 2015); *Golden Union Props., LLC v. Amesquita*, 2011 WL 321095, at *1, 4 (C.D. Cal. Jan. 26, 2011).

Rios does not allege that any of his race-based rights were violated. S*ee* Notice of Removal at 17. Additionally, Rios does not reference a specific California statute or constitutional provision that would prevent him from enforcing his federal rights in state court. *See id.* Rios makes only conclusory

                                       :

                  Initials of Preparer  KSS

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3933-GW(RAOx) | Date | July 6, 2016 |
|---|---|---|---|
| Title | *U.S. Bank NA, Successor Trustee to Bank of Am., NA, Successor in Interest to Lasalle Bank NA, as Trustee, on Behalf of the Holders of the Wash. Mutual Mortg. Pass-Through Certificates, WMALT Series 2006-2 v. Dora Luz Solano, et al.* | | |

allegations that "the state judicial and general legal environment" creates a system in which "Constitutional rights [ ] are systematically trampled." *See id.* at 17:1-8; *see also id.* at 8:14-17 (arguing that "the Los Angeles Superior Court . . . consistently violate[s] the . . . due process guarantee under the United States Constitution"). These allegations are insufficient for the Court to have jurisdiction under 28 U.S.C. § 1443(1).

III.   CONCLUSION

The Court therefore *sua sponte* remands this case to the Los Angeles County Superior Court and vacates the Scheduling Conference set for July 21, 2016.

:

Initials of Preparer   KSS